Per Curiam.

As to the reading of depositions used in the court below, it is not known that any practice has been adopted ; it is certainly proper that some reasonable rule should be settled. Analogous principles exist in the ecclesiastical courts in England. Upon an appeal, agreeably to the civil law, a re-examination takes place in the superior courts; it is also the case in the admiralty courts. The principle and method of proceeding on the appeal, is believed to be the same with our law, except that in those courts, testimony is by despositions, instead of being viva voce as with us. In those courts *394 the practice is, that the depositions used in the inferior courts, are certified by the clerk, sealed and sent up. 2 Br. Ad. and civil law, 480.2.3. Ib. 497 to 501. The first objection is not sustainable, as the court here will presume the deposition was taken under authority from the court of Rutherford,(1) who were competent to permit other persons than magistrates to take a deposition.(2) And the court will permit this to prevail, when the deposition was read in the court below, perhaps by consent. We do not know, however, that any exception was taken to the reading of it there. These principles will also decide the second objection against the plaintiff. The third objection is well founded ; a reference to the bill of sale by giving a copy. It should have been annexed or enclosed, so as to convince the court it is the same now attempted to he read. Reference to a copy is not the best evidence. The fourth objection falls within the same principle or the second and third, it appearing to the court here, that the deposition was used in the court below ; they will not permit an exception to be taken, unless it appear from the papers, that an exception had been taken in the county court, which was over-ruled. The fifth objection is certainly fatal. Depositions from the county court, ought, at least to be sent to us sealed by the officer of that court. If persons interested should be permitted to take them open, they might be interpolated and altered. The 6th objection cannot prevail. At present it does not appear that the contents of the deposition is irrelevant; it may be conducive, but not conclusive testimony.
The sale to the defendant was alledged to have taken place in Virginia. It was urged by the plaintiff's counsel, that agreeably to the laws of Virginia, there could not be any sale of a slave, unless by bill of sale registered. 1 Wash. 139. 2 T. Bl. 232. If the sale there would be void, it will be equally so here.
Overton, j. did not recollect the law of Virginia, being a law of a foreign government, it must be shewn.
White for the plaintiff.
Whether the bill of sale be good or not, can make no material difference in this case ; it may be evidence, that the person giving it, transferred all his right, which might not be any. I might give a bill of sale for any person in this house, but that, it is hoped, would not furnish proof of the person being a slave. The bill of sale does not affect the present question ; there ought to be proof by some person who knew the mother to be a slave ; never claiming her freedom.
Per Curiam. The bill of sale, if it could be read, is not conclusive evidence of slavery; it can be nothing more than presumptive evidence.(1) It was further insisted by the plaintiff's counsel, that this woman’s colour was presumptive evidence of freedom, and cited Tay. Rep. 164. The defendant proved, that this woman was in the possession of a person of the name of Lambert, who came from some of the West India islands, to Alexandria, in Virginia. When he came to Alexandria, he had several persons of colour, of whom the plaintiff was one, all of whom the deponent conceived were slaves. The plaintiff's counsel offered to prove, that the woman had frequently said she was free, and these conversations had been often repeated since her first coming into the country.
Per Curiam. As an act to rebut the idea of acquiescence, this evidence is proper, but cannot be received as creating evidence for herself. Other evidence was offered on both sides, but not being in court, its nature is not precisely known. There was, however, a verdict for the plaintiff.*

 2 Hen. & Mun. 536.

Tayl. R. 318.

2 Tyl. R. 193.

 The court unanimously agreed, that the following rules should hereafter be observed on appeals respecting depositions transmitted from the court below, viz: If an exception is taken to the reading the deposition below, it must appear from the papers sent up, unless for some intrinsic cause of exception admitted here.
Depositions must be sent up enclosed under seal, and certified on the out side of the cover to have been sealed below by the clerk. If not sealed and certified, not to be read ; and for the greater regularity, the clerk ought to certify at the foot, or on some part of each deposition, that the same *396 was read in evidence. See 1 Hay. 105, a. Bro. Ad. and civil law, 404.